**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Mary BUGGS, Defendant–Appellant.**

No. 04–60095.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided April 20, 2005.

William Chadwick Lamar, Assistant U.S. Attorney, U.S. Attorney's Office, Northern District of Mississippi, Oxford, MS, for Plaintiff–Appellee.

Kenneth Harold Coghlan, Rayburn Law Firm, Oxford, MS, for Defendant–Appellant.

Before JONES, SMITH, and PRADO, Circuit Judges.

PER CURIAM: *

Mary Buggs appeals the sentence imposed following her guilty-plea conviction

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for distribution of cocaine base in violation 21 U.S.C. § 841(a) and (b)(1)(C). Buggs argues that her sentence is illegal in view of the Supreme Court's decision in *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Because Buggs did not raise this issue in the district court, review is limited to plain error. *See United States v. Vonn*, 535 U.S. 55, 59, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002). After the district court sentenced Buggs, the Supreme Court issued its decision in *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), applying its Sixth Amendment holding in *Blakely* to the United States Sentencing Guidelines. The Supreme Court held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id.* at 756.

Even if there was *Booker* error, however, Buggs cannot show plain error. Because Buggs's sentence was based on the 12.5 grams of cocaine base that, as part of her plea agreement, she admitted distributing, Buggs cannot demonstrate that her sentence would likely have been different if the judge had sentenced her under the *Booker* advisory regime. *See United States v. Mares*, 402 F.3d 511, 515 (5th Cir.2005), *petition for cert. filed*, No. 04–9517 (U.S. Mar. 31, 2005). Therefore, Buggs's sentence is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.